UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAYO, INC.,

    Plaintiff,

v.

                                    Case No. 06-CV-14963-DT

                                    HONORABLE DENISE PAGE HOOD

ZIONS FIRST NATIONAL BANK,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR TEMPORARY RESTRAINING ORDER
## and
## NOTICE OF HEARING ON
## MOTION FOR PRELIMINARY INJUNCTION

**I.    BACKGROUND**

This matter is before the Court on Plaintiff Sayo, Inc.'s Emergency Motion for Temporary Restraining Order pursuant to Fed.R.Civ.P. 65(b). Plaintiff seeks to enjoin Defendant Zions First National Bank from foreclosing on a certain commercial property located in Southfield, Michigan, currently operating as the Ramada Hotel. The foreclosure by sale of the premises is scheduled for November 7, 2006. (Ex. 2, Plaintiff's Motion)

Plaintiff owns and operates the Ramada Inn located in Southfield, Michigan. (Complaint, ¶ 8) The hotel suffered a major vandalization from a New Year's Eve party in one of its banquet rooms on January 1, 2004, resulting in a loss exceeding $2,100,000.00. (Complaint, ¶¶ 9-10)

Plaintiff was insured by Traveler's Indemnity Company ("Traveler's") who has issued eight checks totaling $2,118,675.30 to Plaintiff or its contractors to compensate Plaintiff for the property and business income losses. (Complaint, ¶¶ 11-12) Traveler's included Defendant as a loss payee on the checks because Defendant is a secured creditor pursuant to a Mortgage Note between Plaintiff

and Defendant. (Complaint, ¶ 13) Plaintiff claims Defendant refused to timely tender over $860,000.00 of the insurance proceeds to Plaintiff even though Plaintiff advised Defendant that it was critical to Plaintiff's continued operation and viability of its business that they receive the funds immediately. (Complaint, ¶ 14) By the time Defendant tendered the insurance proceeds to Plaintiff many weeks after their receipt, Plaintiff's business could not sustain viability, causing Plaintiff to cease operations and default on its loan commitments. (Complaint, ¶¶ 15-16)

Plaintiff alleges three counts in its Complaint filed November 3, 2006: Conversion (Count I); Tortious Interference with Contract/Business Expectancy (Count II); and Count III (Promissory Estoppel). Plaintiff filed a Motion for a Temporary Restraining Order with its Complaint claiming that Defendant's attempt to foreclose on the property is inequitable because Defendant's own conduct caused the default. The foreclosure sale on the property is scheduled for Tuesday, November 7, 2006.

## II.  ANALYSIS

### A.  Standard

Rule 65(b) of the Federal Rules of Civil Procedures provides the Court with authority to issue a temporary restraining order as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. ...

Fed.R.Civ.P. 65(b).

Fed.R.Civ.P. 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request.  1966 Advisory Committee Note to 65(b).  Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice.  *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973).  Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered.  11 Wright & Miller at § 2951, at 507-08.

As to the certification requirement under Rule 65(b), Plaintiff claims in its motion that the motion has been served on Defendant's counsel.

Regarding the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages.  *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992).  However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate.  *Id.* at 511-512.

In this case, Plaintiff claims that it will suffer irreparable harm because the default was a direct result of Defendant's actions and that Plaintiff will lose its last remaining asset.  Plaintiff also claims its good will and reputation will be harmed.

Generally, because a piece of real property is unique, its loss has been considered irreparable injury.  As the Seventh Circuit has noted, "[i]t is settled beyond the need for citation ... that a given piece of property is considered to be unique, and its loss is always an irreparable injury."  *United Church of the Medical Ctr. v. Medical Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir.1982); *cf. Brown*

3

*v. Artery Organ., Inc*. 654 F.Supp. 1106, 1118-19 (D.D.C.1987) (wrongful eviction constitutes irreparable harm because of relocation costs, difficulty in commuting from a new location, additional time needed, potentiality for homelessness).  "The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute." *Basicomputer,* 973 F.2d at 512.

Because Plaintiff has shown that a foreclosure sale is scheduled on November 7, 2006, the loss of the property would be irreparable should Plaintiff succeed on the merits of the case.  The property is Plaintiff's only remaining asset.  (Yono Aff., ¶15) A piece of property is considered to be unique and the loss of Plaintiff's only remaining property through a foreclosure sale is irreparable for purposes of this motion.  The Court will set a hearing date on Plaintiff's Motion for Preliminary Injunction given that a temporary restraining order under Fed. R. Civ. P. 65(b) expires by its terms within ten (10) days.  Fed. R. Civ. P. 65(b).  Plaintiff shall submit a $5,000.00 security pursuant to Rule 65(c).

## III.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order **(Filed November 3, 2006)** is GRANTED.  Plaintiff shall submit a $5,000.00 security pursuant to Rule 65(c).

IT IS FURTHER ORDERED that Plaintiff serve Defendant a copy of the Complaint, Plaintiff's Motion for Preliminary Injunction, and this Order, by **Tuesday, November 7, 2006**. Defendant's response to the Motion for Preliminary Injunction must be filed with the Clerk's Office and served by **Monday, November 13, 2006.**  Any reply to the response must be filed with the Clerk's Office and served by **Thursday, November 16, 2006, 12 noon.**

IT IS FURTHER ORDERED that a **hearing on Plaintiff's Motion for Preliminary Injunction is set for Tuesday, November 21, 2006, 2:00 p.m.**

                        s/ DENISE PAGE HOOD
                        DENISE PAGE HOOD
                        United States District Judge

DATED: November 3, 2006

TIME OF ISSUANCE: 4:30 p.m.

THE CLERK SHALL FILE THIS ORDER FORTHWITH

cc:    David J. Shea
       (Attorney for Plaintiff)